IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA LEE POWELL, 1725364, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:12-CV-5174-N |
| ) | |
| WILLIAM STEPHENS, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
| Respondent. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is William Stephens, Director of TDCJ-CID.

### II. Background

Petitioner pled guilty to aggravated robbery of a person over the age of sixty-five. *State of Texas v. Joshua Lee Powell*, No. F45202 (249th Jud. Dist. Ct., Johnson County, Tex., June 23, 2011). He was sentenced to thirty years in prison. Petitioner did not appeal his conviction.

On August 1, 2012, Petitioner filed a state habeas petition. *Ex parte Powell*, No. 78,505-01. On October 24, 2012, the Court of Criminal Appeals denied the petition without written

order on the findings of the trial court.

On November 20, 2013, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. He argues:

1. The evidence is insufficient to support the conviction;

2. He received ineffective assistance of counsel when:

    (a) counsel coerced Petitioner into entering a guilty plea;

    (b) counsel failed to explain that when Petitioner signed the judicial confession he was admitting every element of the offense; and

    (c) counsel failed to request a competency hearing;

3. The prosecutor withheld impeachment evidence.

On August 2, 2013, Respondent filed his answer. On October 23, 2013, Petitioner filed a reply. The Court now finds the petition should be dismissed as barred by the statute of limitations.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner was convicted on June 23, 2011. He did not appeal his conviction. His conviction therefore became final thirty days later on Monday, July 25, 2011. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). He then had one year, or until July 25, 2012, to file his federal § 2254 petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

U.S.C. § 2244 (d)(2). On August 1, 2012, Petitioner filed his state habeas petition.[2] *Ex parte Powell* at 14, 27. This petition was filed after the one-year limitations period expired. The petition therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by July 25, 2012. He did not file his petition until November 20, 2012. His petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because his prison unit was on lockdown from February 7, 2012 to March 2, 2012 and from May 20, 2012 to June 15, 2012, for a total of forty-nine days. The Supreme Court has stated that a habeas petitioner is entitled to

---

[2]Petitioner dated his petition as August 1, 2012. Pleadings filed by *pro se* inmates are considered filed at the time they are delivered to prison authorities. *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013).

equitable tolling only if he shows that: (1) he has been diligently pursuing his rights; and (2) some extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010). In this case, Petitioner's conviction became final on July 25, 2011, but he did not file his state habeas petition until over a year later. Even accepting Petitioner's claim that his Unit was on lock-down for a total of forty-nine days during the one-year limitation period, he has not shown that he diligently pursued his rights during that period and he has not shown that some extraordinary circumstances prevented him from filing his petition earlier. He is therefore not entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 12 day of December, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).